ANDREW H. BAKER, SBN 104197
**BEESON, TAYER & BODINE, APC**
1404 Franklin Street, 5th Floor
Oakland, CA  94612
Telephone:    (510) 625-9700
Facsimile:    (510) 625-8275
Email:        abaker@beesontayer.com

Attorneys for Plaintiff
Teamsters Local 853, IBT, CTWC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS LOCAL 853, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CTWC,<br><br>Plaintiff,<br><br>v.<br><br>A & W DISTRIBUTORS, INC. (a California Corporation), dba A & W Distributors; ENOCH, INC. (a California Corporation) dba A & W Distributors; DANIEL KO dba A & W Distributors; TERESA KO dba A & W Distributors,<br><br>Defendants. | Case No. C-07-02436 EMC<br><br>**COMPLAINT TO ENFORCE GRIEVANCE AWARD UNDER LABOR AGREEMENT**<br><br>[29 U.S.C. §185, *et seq*] |

## **JURISDICTION/VENUE (INTRADISTRICT ASSIGNMENT)**

1.     This is an action for legal relief pursuant to Section 301 of the Labor Management Relations Act, as amended (29 U.S.C. §185, *et seq.*).  Jurisdiction of the subject matter of this proceeding is based on 29 U.S.C. §185(c).

2.     The acts and/or omissions alleged herein arose in the County of Alameda and thus this matter is properly assigned to the Oakland or San Francisco Division of the Northern District Court.

---

COMPLAINT TO ENFORCE GRIEVANCE AWARD UNDER LABOR AGREEMENT                    1
62079.doc

**PARTIES**

3. Plaintiff TEAMSTERS LOCAL 853, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CTWC (herein, "the Union"), is a labor organization which represents employees working in Northern California, including Alameda County. The office and headquarters of the Union are in San Leandro, Alameda County, California.

4. At all times material herein, Defendant A & W DISTRIBUTORS, INC., doing business as A & W DISTRIBUTORS, was an ice-cream and milk distributor engaged in business in the County of Alameda.

5. It is alleged and believed that at all times material herein, Defendant ENOCH, INC., a California Corporation, was doing business as A & W DISTRIBUTORS and/or that A & W DISTRIBUTORS was owned and operated by ENOCH, INC.

6. It is alleged and believed that at all times material herein, Defendant DANIEL KO was doing business as A & W DISTRIBUTORS and/or that A & W DISTRIBUTORS was owned and operated by DANIEL KO.

7. It is alleged and believed that at all times material herein, Defendant TERESA KO was doing business as A & W DISTRIBUTORS and/or that A & W DISTRIBUTORS was owned and operated by TERESA KO.

8. At all times material herein, A & W DISTRIBUTORS was an employer engaged in an industry affecting commerce within the meaning of the Labor Management Relations Act, as amended (29 U.S.C. § 152(2)(6) and(7)).

**STATEMENT OF CLAIM**

9. At all times material herein, A & W DISTRIBUTORS and the Union were parties to a written collective bargaining agreement ("the Agreement"), a copy of which is attached as Exhibit "A" to the Complaint in this case, and which is incorporated herein by reference as though fully set forth.

10. Article 26 of the Agreement establishes procedures by which disputes arising under the Agreement are to be resolved. Article 26 provides that such disputes, if not resolved

1 | by informal discussions among the parties, may be submitted to an arbitrator for resolution, and
2 | that the decision of the arbitrator shall be final and binding on the parties.

3      11.   On August 29, 2006, the Union and A & W DISTRIBUTORS, represented by Defendant TERESA KO, appeared before Arbitrator Morris Davis pursuant to the arbitration provisions contained in Article 26 of the Agreement to resolve grievances the Union had filed with A & W DISTRIBUTORS alleging certain violations of the parties' Agreement with respect to three employees represented by the Union under the Agreement, Kent Nugen, Ron Arioto, and Tony Crociani ("the Grievants").  Both parties were permitted to present evidence and arguments to the arbitrator.

      12.   On November 13, 2006, the arbitrator issued his Opinion and Award sustaining the Union's grievances.  A copy of the arbitrator's November 13, 2006, Opinion and Award is attached as Exhibit "B" to the Complaint in this case, and is incorporated herein by reference as though fully set forth.

      13.   On November 17, 2006, the arbitrator issued a Corrected Award, correcting the Award issued November 13, 2006.  A copy of the arbitrator's November 17, 2006, Corrected Award is attached as Exhibit "C" to the Complaint in this case, and is incorporated herein by reference as though fully set forth.

      14.   In his November 13, 2006, Award, as corrected November 17, 2006, the arbitrator retained jurisdiction over all disputes related to implementation of his Award.  Thereafter, a dispute arose between A & W DISTRIBUTORS and the Union over implementation of the arbitrator's Award.

      15.   On February 2, 2007, the arbitrator issued a Supplemental Order resolving the disputes between the parties over implementation of his Award. In his Supplemental Order, the arbitrator ordered A & W DISTRIBUTORS to make the following payments to the Grievants:

   1.   To Grievant Kent Nugen:

   - For improper layoff in August 2005:                                    $1,267.20
     (Based on eight days (64 hours) owed for lost
     work days from August 22 - August 31, 2005,
     at $19.80 per hour.)

   - Two weeks (80 hrs) severance pay at $19.80 per hour:        $1,584.00

1 |                 Total due Grievant Nugen        <u>$2,851.20</u>

    2.     To Grievant Ron Arioto:

        •   Ten weeks (400 hours) severance pay at $19.80 per hour:    <u>$7,920.00</u>

    3.     To Grievant Tony Crociani:

        •   Ten weeks (400 hours) severance pay at $19.80 per hour:    <u>$7,920.00</u>

A copy of the arbitrator's February 2, 2007, Supplemental Order is attached as Exhibit "D" to the Complaint in this case, and is incorporated herein by reference as though fully set forth.

    16.     At all times since February 2, 2007, A & W DISTRIBUTORS has failed and refused, and continues to fail and refuse, to comply with the arbitrator's Supplemental Order.

    17.     A & W DISTRIBUTORS has failed and refused to comply with the arbitrator's Supplemental Order in bad faith and for reasons that are frivolous, vexatious or oppressive.

**WHEREFORE, Plaintiff prays** that this Court assume jurisdiction over this Complaint, and following a hearing thereon, issue its Order as follows:

    1.     Confirming the arbitrator's Opinion and Award, Corrected Award, and Supplemental Order as set forth above;

    2.     Directing Defendants to pay the following sums to the following individuals:

        a.     Kent Nugen -     $2,851.20;

        b.     Ron Arioto -     $7,920.00; and

        c.     Tony Crociani -     $7,920.00;

    3.     Directing Defendants to reimburse Plaintiff for its attorney's fees and cots of suit herein; and

    4.     Directing such other and further relief as the Court deems just and proper.

Date:   May 7, 2007                       Respectfully submitted,

                                    BEESON, TAYER & BODINE, APC

                                    By:   <u>/s/Andrew H. Baker</u>
                                         ANDREW H. BAKER
                                   Attorneys for TEAMSTERS LOCAL 853

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT TO ENFORCE GRIEVANCE AWARD UNDER LABOR AGREEMENT                    5
62079.doc