1313-245

**IN ARBITRATION PROCEEDINGS**
**PURSUANT TO AGREEMENT**
**BETWEEN THE PARTIES**

---

In the Matter of a Controversy            )
                                          )
    between                              )
                                          )
**TEAMSTERS, LOCAL  NO. 853 (IBT)**        )
                                          )
               Union,      )        **ARBITRATOR'S**
                                          )    **OPINION AND <u>CORRECTED</u>**
    and                                  )            **AWARD**
                                          )
**A & W DISTRIBUTORS,**                     )
                                          )
              Employer.    )
                                          )
<u>Involving Severance and Vacation Pay</u>      )

On Behalf of the Union:

    Andrew Baker, Esq.
    **BEESON, TAYER & BODINE**
    1404 Franklin Street, 5th Floor
    Oakland, C 94612

On Behalf of the Employer:

    Teresa Ko
    **A & W DISTRIBUTORS**
    450 Taraval Street, PMB 116
    San Francisco, CA 94116

benefits incurred under previous owner's CBA, and that the Grievants' pertinent date of hire is the date that it assumed ownership. As stated above, the Employer assumed ownership of the business as well as all responsibilities and obligations due the employees. Therefore, the Company shall recalculate the vacation and severance benefits based on the Grievants' original hire date, regardless of who the owner was at that time. Hence, the Grievants are to be reimbursed for all vacation and severance benefits in accordance with Articles 14 and 21.

### CORRECTED AWARD

1. The grievance is sustained because the Employer violated Articles 14, 21, and 29 of the parties' Agreement;

2. Based upon the applicable seniority clause, Grievant Nugen shall be paid for the eight (8) work days lost between August 19, 2005, the date of his layoff, and August 31, 2005, the date that he should have been laid off. In addition, his total period of employment is calculated to be seven (7) years, which entitles him to two (2) weeks of severance pay;

3. The Grievants shall also be paid the accrued vacation and severance benefits based upon their original dates of hire. Grievant Crociani, had completed sixteen (16) years of Company employment, and is therefore entitled to ten (10) weeks severance pay. Grievant Arioto has more than twenty-one (21) years of service, and he is also entitled to ten (10) weeks severance pay; and

4. The Arbitrator retains limited jurisdiction of this matter regarding all disputes related to implementation of this Award.

Dated: November 17, 2006

Morris E. Davis
Arbitrator